UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN D. DANIEL #537193,

        Plaintiff,                                     Case No. 2:08-cv-118

v.                                                   Honorable R. Allan Edgar

GERALD HOFBAUER, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.        Factual allegations

Plaintiff Allen D. Daniel, an inmate at the Baraga Maximum Correctional Facility (AMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Warden Gerald Hofbauer, Kathy Kero, Mike Laitinen, Fred J. Govern, Steve Niemi, Tom Larson, Todd Dauphinais, Darlene Edlund, Patricia Caruso, Corrections Officer Unknown Smith, Assistant Deputy Warden Dan Thomas, Corrections Officer Unknown Lee, Sergeant Unknown Lacey, Corrections Officer Unknown Mayott, Governor Jennifer Granholm, Mike Cox, David Gwinn, and James Armstrong.

In his complaint, Plaintiff alleges that he attempted to send out legal mail to:

> Federal Chief Judges in the U.S. Sixth Circuit, U.S. District Courts E.D. S.D. and Northern Divisions, and to State Chief Judges and multiple civil and criminal actions where staff not only removed summons, pro se pleadings, legal exhibits and 3rd partys [sic] to multiple lawsuits pending in a RICO Act Scheme as of 5/2/08 (Marquette Staff took these legal documents), and KTV, and court transcripts, in retaliation for filing grievances and pending litigation. After taking these documents, re-sent and mailed by legal attorneys, court officers, even state agencies the staff refuse to even copy these documents, I have filed over (3) pending federal injunctions, they have cause [sic] cases to go into default, willfully corruptly, with malice and evil motive fabricated misconduct tickets, refused to treat me medically, or even give me legal supplies to access the courts weekly. This violates the class action agreement that the Michigan Department of Corrections signed in the *Cain* settlement.

(*See* complaint, ¶ IV, p. 3.)

Plaintiff also claims that staff refused to allow him to attend religious services, had him placed on modified access to the grievance procedure, and refused to give him grievance forms. Plaintiff states that prison officials even took mail going to the Directors of the FBI in D.C. and

Detroit, and to the U.S. Attorneys in the Northern and Eastern Districts of Michigan. Plaintiff has contacted the Michigan State Police, Civil Service Commission, Defendants Caruso, Granholm and Cox, as well as Internal Affairs, to no avail. Plaintiff seeks compensatory and punitive damages, as well as injunctive relief.

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

The undersigned notes that in the factual allegations set forth in Plaintiff's complaint, Plaintiff fails to name any of the Defendants in relation to the alleged misconduct, except Defendants Caruso, Granholm and Cox. The only conduct involving these defendants is the failure to intervene on Plaintiff's behalf. Liability under Section 1983 must be based on more than merely the right to control employees. *Polk Co. v. Dodson*, 454 U.S. 312, 325-26 (1981); *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978). Thus, Section 1983 liability cannot be premised upon mere allegations of *respondeat superior*. *Monell*, 436 U.S. at 691; *Polk*, 454 U.S. at 325. A party cannot be held liable under Section 1983 absent a showing that the party personally

participated in, or otherwise authorized, approved or knowingly acquiesced in, the allegedly unconstitutional conduct. *See e.g. Leach v. Shelby Co. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990); *Hays v. Jefferson*, 668 F.2d 869, 874 (6th Cir.), *cert. denied*, 459 U.S. 833 (1982). *See also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.), *cert. denied* 469 U.S. 845 (1984).

Supervisory officials can be held liable for the acts of their subordinates only if plaintiff establishes that the supervisor failed to appropriately discharge his supervisory duties, and that this failure resulted in a denial or deprivation of plaintiff's federal rights. *See e.g. Leach*, 891 F.2d at 1246; *Hayes v. Vessey*, 777 F.2d 1149, 1154 (6th Cir. 1985). However, the failure of a supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach*, 891 F.2d at 1246. Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See e.g. Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, plaintiff must show that defendant had some duty or authority to act. *See e.g. Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (lower level official not liable for shortcomings of building); *Ghandi v. Police Dept. of City of Detroit*, 747 F.2d 338, 351 (6th Cir. 1984) (mere presence at the scene is insufficient grounds to impose Section 1983 liability in the absence of a duty to act); *accord Hall v. Shipley*, 932 F.2d 1147 (6th Cir. 1991). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987) (Hillman, C.J.), *aff'd* 849 F.2d 228 (6th Cir. 1988). Finally, supervisory liability claims

cannot be based on simple negligence. *Leach*, 891 F.2d at 1246; *Weaver v. Toombs*, 756 F. Supp. 335, 337 (W.D. Mich. 1989), *aff'd* 915 F.2d 1574 (6th Cir. 1990).

Plaintiff has not alleged facts establishing that Defendants Caruso, Granholm and Cox were personally involved in the activity which forms the basis of his claim. The only involvement of Defendants Caruso, Granholm and Cox in this action is the denial of administrative grievances or the failure to act. Defendants Caruso, Granholm and Cox cannot be liable for such conduct under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999), *cert. denied*, 530 U.S. 1264, 120 S. Ct. 2724 (2000). Accordingly, the Court concludes that Plaintiff's claims against Defendants Caruso, Granholm and Cox are properly dismissed for lack of personal involvement.

The remaining allegations in Plaintiff's complaint are broad, conclusory statements which are not supported by sufficient facts to deserve serious consideration. *See*, *e.g., Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348 (6th Cir. 1989), *cert. denied*, 494 U.S. 1079 (1990); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-437 (6th Cir. 1988); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986); *Smith v. Rose*, 760 F.2d 102 (6th Cir. 1985); *Johnson v. Stark*, 717 F.2d 1550 (8th Cir. 1983). As noted above, Plaintiff fails to name specific dates or individuals in the statement of claim section. (*See* Plaintiff's complaint, ¶ IV, pp. 2-3.) Accordingly, the undersigned recommends dismissal of Plaintiff's complaint.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be

adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g). In addition, should the Court adopt the Report and Recommendation in this case, Plaintiff's motion for preliminary injunction and a temporary restraining order (Docket #7) is properly denied.

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 18, 2008

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).